UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00113-GNS-HBB

CORETTA CRENSHAW                                                                                          PLAINTIFF

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC;
MIDLAND FUNDING, LLC; and
MIDLAND CREDIT MANAGEMENT INC.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss (DN 31), Defendants' Motions for Summary Judgment (DN 32, DN 33), Defendants' Motions for Leave to Seal Documents (DN 34, DN 36), and Defendants' Motions for Leave to File a Sur-Reply and for Oral Argument (DN 41, DN 44). These motions are now ripe for adjudication. For the reasons that follow, Plaintiff's motion to dismiss is **GRANTED**, Defendants' motions for summary judgment are **DENIED AS MOOT**, Defendants' motions for leave to seal documents are **GRANTED**, and Defendants' motions for leave to file sur-reply and for oral argument are **DENIED**.

### I.    BACKGROUND

#### A.    Statement of Facts

Plaintiff Coretta Crenshaw ("Crenshaw") previously defaulted on credit card debt, which debt was purchased by Defendants Portfolio Recovery Associates, LLC ("Portfolio") and Midland Funding, LLC, ("Midland Funding"). (Am. Compl. ¶ 11, DN 22). On November 5, 2013, Midland Funding filed suit against Crenshaw in Barren District Court, ultimately receiving a default judgment in the amount of $703.14. (Am. Compl. ¶¶ 35-41). On November 4, 2015, Portfolio

filed suit against Crenshaw in Barren District Court, receiving a default judgment in the amount of $776.18. (Am. Compl. ¶¶ 12-17). On June 19, 2018, Crenshaw reviewed a tri-merge credit report that showed both default judgments and tradelines as provided by Portfolio and Defendant Midland Credit Management ("Midland Credit") on behalf of Midland Funding. (Am. Compl. ¶¶ 18-20, 42-43).

B.     **Procedural History**

On August 16, 2018, Crenshaw filed a complaint against Portfolio, Midland Funding, and Midland Credit (collectively "Defendants") alleging multiple violations of the Fair Debt Collection Practices Act. (Compl. ¶¶ 27, 34, DN 1). On April 3, 2019, Crenshaw filed an amended complaint. (Am. Compl.). On September 13, 2019, Crenshaw moved to dismiss her claims with prejudice as to all defendants pursuant to Fed. R. Civ. P. 41(a)(2). (Pl.'s Mot. Dismiss, DN 31). Later that same day, all Defendants moved for summary judgment. (Defs.' Mots. Summ. J., DN 32, DN 33).[1] Defendants then moved for leave to seal documents related to the motions for summary judgment. (Defs.' Mots. Leave Seal, DN 34, DN 36).[2] Defendants responded in opposition to Crenshaw's motion to dismiss, and Crenshaw replied. (Defs.' Resp. Pl.'s Mot. Dismiss, DN 38, DN 39; Pl.'s Reply Mot. Dismiss, DN 40). Finally, Defendants moved for leave to file a sur-reply and for oral argument regarding Crenshaw's motion to dismiss. (Defs.' Mots. Leave Sur-Reply & Oral Arg., DN 41, DN 44). Crenshaw responded in opposition, and Defendants replied. (Pl.'s

---

[1] Defendants are represented by the same counsel and the motions for summary judgment and the following responses, replies, motions for leave to seal, and motions for leaves to file sur-replies are nearly identical. As such, the repetitive arguments raised in these respective motions will be analyzed as one.

[2] Defendants contend that the exhibits in question contain both confidential and personal information, and Crenshaw does not oppose these motions. As such, these motions will be granted pursuant to Local Rule 5.7.

Resp. Defs.' Mots. Leave Sur-Reply & Oral Arg., DN 42, DN 45; Defs.' Reply Mots. Leave Sur-Reply & Oral Arg., DN 43, DN 46)

## II. JURISDICTION

The Court has subject matter jurisdiction over this action via federal question pursuant to 28 U.S.C. § 1331. The Amended Complaint alleges violations of the FDCPA, which presents a federal question. (Am. Compl. ¶¶ 54-56).

## III. DISCUSSION

### A. Voluntary Dismissal with Prejudice

Crenshaw has moved to voluntarily dismiss all claims with prejudice as to all Defendants pursuant to Fed. R. Civ. Pro. 41(a)(2). Defendants oppose this motion claiming they will suffer "legal prejudice" if it is granted.

Fed. R. Civ. P. 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether to grant such a dismissal is within the sound discretion of the district court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The district court should not approve voluntary dismissal if the defendant will suffer "plain legal prejudice" as a result of a dismissal without prejudice. *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). When assessing plain legal prejudice, the court should consider factors such as: (1) the defendant's effort and litigation expenses, (2) excessive delay and lack of diligence on the part of plaintiff, (3) insufficient explanation of the need for dismissal, and (4) whether a motion for summary judgment has been filed by defendant. *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Ricupero*, 705 F. App'x

3

402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

At first glance, these factors appear to weigh slightly against granting the voluntary motion to dismiss with prejudice. First, this case has been pending for more than one year, and Defendants claim they have spent substantial sums of money in defense—roughly $25,000 by Portfolio and $21,000 collectively by Midland Funding and Midland Credit. (Defs.' Resp. Pl.'s Mot Dismiss). All Defendants are represented by the same counsel, however, so it does appear that litigation costs are split between all three Defendants. Second, beyond the one-year timeline and lack of expert witness by Crenshaw, Defendants have not demonstrated excessive delay or a lack of diligence on the part of Crenshaw. Third, Crenshaw does not provide any explanation for why she is requesting to have all of her claims dismissed. Fourth, Defendants have filed a motion summary judgment, but they did not do so until *after* Crenshaw's motion to dismiss was already filed with the Court. On the other hand, Crenshaw waited to file the motion to dismiss until the day of the deadline for filing dispositive motions (Scheduling Order 4, DN 15).

Taken together, these factors likely weigh in favor of Defendants and against granting the voluntary motion to dismiss. It is unclear, however, if these factors are fully applicable to the case at hand. Crenshaw has moved to dismiss all of her claims against all defendants *with prejudice*. As such, it is unclear what "legal prejudice" Defendants could possibly face from such an outcome. On that point, most of the case law relied upon by Defendants deals with motions to dismiss *without prejudice*.[3] Most notably, in *Williams v. Midland Funding, LLC*, No. 5:18-CV-530-JMH,

---

[3] Similarly, nearly all of the cases applying the *Grover* factors do so to Fed. R. Civ. P. 41 motions to dismiss *without* prejudice. *See, e.g.*, *Yandell Constr. Servs., Inc. v. LMR Constr., LLC*, No. 117-CV-01037, 2018 WL 4375112 (W.D. Tenn. Sept. 13, 2018); *Song v. Rom*, No. 1:15-CV-1438, 2017 WL 553237 (N.D. Ohio Feb. 10, 2017); *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-00208, 2017 WL 164502 (W.D. Ky. Jan. 13, 2017); *Banks v. Bunting*, No. 1:14-CV-01945,

2019 WL 4197207 (E.D. Ky. Sept. 4, 2019), a sister court dealt with a nearly identical situation that involved the same plaintiffs' attorneys and two of the same defendants—Midland Funding and Midland Credit. As highlighted by Defendants, the court there declined to dismiss because the defendants suffered significant expenses to defend the litigation and there was a pending motion for summary judgment. *Id*. at *2. What Defendants do not acknowledge, however, is that in *Williams* the plaintiff attempted to have the case dismissed *without prejudice*, such that the defendants faced a risk of being forced to relitigate the very same case. *Id*. at *1. Crenshaw here has moved to dismiss her case *with prejudice*. Moreover, the *Williams* court emphasized that plaintiff's counsel were unable to reach the plaintiff, and there was therefore no indication before the Court that the plaintiff requested the dismissal. *Id*. Crenshaw, by contrast, has moved through counsel for the present dismissal.

Similarly, in *Grover*, which is the seminal Sixth Circuit case applying the referenced factors, the Court found that the defendants would suffer legal prejudice if the case was dismissed without prejudice given the several years spent litigating the case and certifying a question to the Ohio Supreme Court. *Grover*, 33 F.3d at 718. Even so, the remedy was still to dismiss the plaintiff's claims, just *with* prejudice rather than without it. *Id*. The Court further clarified that plain legal prejudice required more than "facing the mere prospect of a second lawsuit." *Id*. (citations omitted). Defendants here face no prospect of a second lawsuit by Crenshaw because she has moved to dismiss *with prejudice*.

---

2015 WL 3742561 (N.D. Ohio June 15, 2015); *Price v. Biomet Microfixation, LLC*, No. 1:14-CV-222, 2015 WL 58774 (E.D. Tenn. Jan. 5, 2015); *Annable v. Mansfield Corr. Inst.*, No. 1:12-CV-2864, 2014 WL 667601 (N.D. Ohio Feb. 20, 2014); *Cogent Sols. Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052 (S.D. Ohio Nov. 20, 2013); *Allen v. Abbott Labs.*, No. 11-CV-146, 2012 WL 10508 (E.D. Ky. Jan. 3, 2012); *Choctaw Racing Servs., LLC v. Ky. Horsemen's Benevolent & Protective Ass'n*, No. 3:07-CV-237, 2007 WL 3124693 (W.D. Ky. Oct. 24, 2007).

5

Defendants also cite to other cases analyzing motions to dismiss with prejudice. These cases, however, are unfavorable for Defendants. Most notably, in *Majors v. Professional Credit Management, Inc*., No. 4:17-CV-00270-AGF, 2018 WL 1251914 (E.D. Mo. Mar. 12, 2018), the court was asked to deny the plaintiff's motion to dismiss with prejudice and to instead rule on the motion for summary judgment. *Id*. at *2. The court declined to do so, noting that "the Court sees little to be gained from such an expense of judicial resources, as a dismissal with prejudice is a final judgment on the merits with res judicata effect." *Id*. (citation omitted).

Likewise, in *N.S. by & through S.S. v. D.C*., 272 F. Supp. 3d 192 (D.D.C. 2017), the court dealt with the plaintiffs' voluntary request to dismiss with prejudice under Fed. R. Civ. P. 41(a)(2). *Id*. at 193. The court faced both factual and legal uncertainty that made it difficult to apply the *Grover* factors to the facts before it. *Id*. at 197. The Court, however, found that deciding those tough issues was unnecessary:

> Normally, Rule 41(a)(2) requests ask to dismiss cases without prejudice, thus allowing plaintiffs to refile the same case and re-raise the same issues. Under such circumstances, the quandaries just discussed would pose great difficulties. Happily, however, the Court need not resolve either the legal or the factual dispute today. This is because plaintiffs have requested that the Court dismiss this case *with* prejudice. *See* Mot. for Voluntary Dismissal. "Dismissal with prejudice 'operates as a rejection of the plaintiff's claims on the merits and [ultimately] precludes further litigation' of them." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (quoting *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995)). Dismissal would therefore give defendant what it desires . . . .

*Id.* at 200 (emphasis in original).

Next, Defendants cite *to Owner-Operator Independent Drivers Association v. United Van Lines, Inc.*, No. 4:06-CV-219 (JCH), 2007 WL 1223463 (E.D. Mo. Apr. 24, 2007) in which the court dealt with a voluntary motion to dismiss with prejudice. *Id*. at *1. The court found that the pertinent factors weighed against dismissal even though it was with prejudice, because allowing

6

dismissal would still not result in a final judgment since there were pending counterclaims the court still had to address. *Id.* at *2.

Finally, Defendants' actual concern does not appear to be legal prejudice in the present case; rather, Defendants seek "to create favorable precedent to try and prevent further claims asserting" the legal theory presented in the Amended Complaint. (Defs.' Resp. Pl.'s Mot Dismiss 8). It would be quite odd, however, to force Crenshaw to continue to litigate her claim just so that Defendants can more effectively fend off hypothetical future claims brought by yet unknown litigants who have no relation to the present action. *See Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 n.1 (E.D.N.C. 1996) ("[A] voluntary dismissal with prejudice acts as an adjudication on the merits with full preclusive effect. Winning a judgment on the merits usually precludes any legal prejudice. . . . The only possible exception would be a defendant who seeks to create judicial precedent. It is unclear, however, whether the law would recognize such an injury.").[4] Defendants here hope to create legal precedent for use in future cases by pressing for a decision on the merits against a litigant who has already given up. Once a plaintiff has offered to dismiss her claim with prejudice, there is no sense in allowing the opposing party to play on, just as a sporting event cannot continue once one side has left the field of play. Given Crenshaw's motion to dismiss with prejudice, a ruling on the merits of Defendants' unopposed motion for summary judgment would be a waste of judicial resources and an improper advisory opinion.

---

[4] For that matter, even if the Court were to deny Crenshaw's motion to dismiss, the Court would still likely not analyze the substance of Defendants' motion for summary judgment. Because Crenshaw has not responded to that motion, she waived her opposition to it, and summary judgment would be warranted on that ground alone. *See Williams*, 2019 WL 4197207, at *2 (citing *Humphrey v. U.S. Att'y Gens. Office*, 29 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 2007); *Walker v. Jones*, No. 09-CV-393-GFVT, 2010 WL 1838969, at *1 (E.D. Ky. May 5, 2010)). The result then for Defendants would be the same— relief from the present claim but not the precedent that they hope to create for future use.

Defendants have not sufficiently demonstrated legal prejudice to justify denying Crenshaw's request to dismiss her own claims with prejudice. As such, the motion will be granted.[5]

### B. Motions for Leave to File Sur-Replies and for Oral Argument

Defendants have moved for leave to file sur-replies to respond to arguments made in Crenshaw's reply. Specifically, Defendants argue that Crenshaw's reply "sets forth several inaccuracies and raises new arguments not raised in her original Motion to Dismiss." (Defs.' Mots. Leave Sur-Reply & Oral Arg. 2).

Generally speaking, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *14 (W.D. Ky. Aug. 2, 2019) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). Even so, granting leave to file a sur-reply may be appropriate in the district court's discretion when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted). In the case at bar, a sur-reply is unwarranted because Crenshaw's reply merely responds to arguments made by Defendants in their response. As such, there is no valid reason to grant leave for Defendants to file an additional reply.

Similarly, the Court is fully briefed on Crenshaw's motion to dismiss and sees no reason to hold an oral argument on the present issues.

---

[5] Since the motion to dismiss is granted, Defendants' subsequent motions for summary judgment are denied as moot.

C.      **Motion for Costs**

Defendants have asked the Court to condition its dismissal of the present action on Crenshaw paying Defendants' costs in defending this action. (Defs.' Resp. Pl.'s Mot Dismiss 10). Under Fed. R. Civ. P. 41(a)(2), the court when dismissing can impose "terms that the court considers proper"—i.e., "whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) (citations omitted). As with dismissal, a determination on costs is within the sound discretion of the district court. *DWG Corp. v. Granada Inv., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). "Relevant factors in evaluating whether to award attorney's fees and costs include 'whether the plaintiff acted in good faith in bringing the action, extensive discovery costs were involved, and extraordinary expenses were incurred in defending the action.'" *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 318 (6th Cir. 2019) (quoting *Malibu Media*, 705 F. App'x at 410).

Defendants contend that this Court *can* impose costs on Crenshaw, and Defendants have *requested* this Court to do so. (Defs.' Resp. Pl.'s Mot Dismiss 10). Defendants have not, however, fully articulated *why* the Court should do so. Defendants merely note that the Court can impose terms necessary "in order to offset the prejudice" to Defendants. (Defs.' Resp. Pl.'s Mot Dismiss 10). In this case, it is unclear what that prejudice would be. All of Crenshaw's claims are being dismissed with prejudice and therefore cannot be re-initiated—i.e., Defendants win. Moreover, despite some suggestion that Crenshaw has engaged in "gamesmanship," Defendants' have not cited to evidence establishing that that Crenshaw has acted in bad faith or otherwise wasted costs. As such, the parties shall bear their own attorney fees and costs.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Dismiss (DN 31) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall strike this matter from the active docket.

2. Defendants' Motions for Summary Judgment (DN 32, DN 33) are **DENIED AS MOOT**.

3. Defendants' Motions for Leave to Seal Documents (DN 34, DN 36) are **GRANTED**.

4. Defendants' Motions for Leave to File a Sur-Reply and for Oral Argument (DN 41, DN 44) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 9, 2020

cc: counsel of record